9/15/2020 3:02 PM
20CV31372

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| **RICO WOODS**, an individual<br><br>Plaintiff.<br><br>v.<br><br>**ALBERTSON'S COMPANIES**, a foreign business entity<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>ORS 659A.030, ORS 659A.040<br>*Prayer amount: $500,000*<br>*ORS 21.160 Filing Fee: $594.00*<br>NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiff Rico Woods alleges:

**PARTIES AND JURISDICTION**

1.

Plaintiff Rico Woods is a resident of Oregon. During the time of the allegations of the Complaint, he was 17 years old, but is no longer a minor. Plaintiff is African-American.

2.

Defendant Albertson's Companies is a foreign business entity, with a headquarters in California.

3.

Because the events of the complaint occurred at Defendant's Albertson's and Safeway locations in Washington County, Oregon, the Circuit Court of Oregon for Washington County is the proper venue and has jurisdiction over this matter.

//

//

Page 1 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 1 of 13

## FACTS

4.

Plaintiff began working at Defendant' 185th Albertson's store in June 2018. Based on Plaintiff's knowledge at the time, he was one of two African-American employees at the location.

5.

In late August 2018, Plaintiff suffered an on the job injury to one of his fingers. Plaintiff reported it to his manager. His manager yelled at him and told him to get back to work. Plaintiff received medical treatment the following day, on his own accord. The manager was angry because he would get a bonus if no injuries were reported to Workers' Compensation.

6.

Nyauna Davis, Plaintiff's mother, called Defendant's location the following day to express concern regarding treatment of her then-17-year-old son. When she spoke with the manager, instead of an apology or any type of concern, the manager told Ms. Davis that "Rico always needs help." Ms. Davis explained it was Plaintiff's first job. She was told that the manager would get a claim number to use when getting treatment. The manager asked "Why doesn't Rico just quit?"

7.

Defendant never provided a claim number.

8.

Ms. Davis called the Defendant's corporate office. Defendant told her that no incident report was filed, and that there was a bonus for no reported injuries.

//
//
//
//

Page 2 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 2 of 13

9.

Until this point, no one had informed Plaintiff of any deficiencies in his work.

10.

Based on Defendant's treatment and lack of concern for Plaintiff's safety, Plaintiff put in his two-week notice.

11.

After receiving the two-week notice, Defendant's Human Resources Department reached out to Plaintiff and offered to transfer him to a different location, the Tualatin Valley Highway Safeway.

12.

Based on his experience and knowledge, Plaintiff was the only African-American employee at the Tualatin Valley Highway Safeway.

13.

At the Safeway location, Plaintiff was made to handle empty glass bottles, touch the inner working of the bottle counting machine, and go behind the cigarette counter. Based on previous training, Plaintiff believed that he was not permitted to do any of those activities as a minor. Defendant still ordered him to do those activities.

14.

On one occasion, Plaintiff was assisting a customer when Plaintiff asked a manager for a pen. The manager yelled at Plaintiff, in front of the customer, "Why do you always need something?" The situation was alarming enough that the customer reported to Defendant.

15.

On Nov. 1 2018, Ms. Davis dropped Plaintiff off for a shift. She intended to do some shopping, including a purchase at the customer service counter. Ms. Davis went to the counter and the employee behind the counter told Ms. Davis that they would find someone to help her.

//

Page 3 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 3 of 13

16.

2  Ms. Davis was waiting about five minutes when Plaintiff noticed her, and asked her if anyone was helping her. At this point, three managerial employees approached the vicinity. Plaintiff believes it was the acting district supervisor, his supervisor, and the customer service manager.

17.

7  Plaintiff's supervisor patted him on the back and said "boy, we got some fun stuff for you today." The supervisor then told Plaintiff to go to the back and complete the tasks he had been trained should not be completed by minors.

18.

11  Ms. Davis remained waiting at the counter, but the three managerial employees did not seem to notice her. Plaintiff's supervisor said that "Rico is lazy" and that he "didn't know why they would transfer a Black bum to this store." He further stated that he did not want Plaintiff to wear a company hat "over that nappy hair." One of the other employees nodded in agreement and indicated that the acting store manager knew about it and that Rico would be fired, noting that she did not care what happened to Plaintiff because Plaintiff was not her problem.

19.

18  After those comments, one of the employees finally noticed Ms. Davis standing within earshot. The acting district manager recognized Ms. Davis and gesticulated to the other employees to end the conversation. The other two did not initially pick up on the signal and continued with the offensive conversation.

20.

23  The acting district manager attempted to pull Ms. Davis aside for a conversation but Ms. Davis refused as she did not feel comfortable with a private conversation given what she had just overheard.

26  //

Page 4 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 4 of 13

21.

After Ms. Davis told Plaintiff what occurred, Plaintiff informed Ms. Davis of the bottle machine and cigarette counter work. After these events, Plaintiff felt that Defendant was overtly hostile to him based on his race, and that it had so little concern for his safety that it forced him into dangerous and illegal situations. Consequently, Plaintiff put in his resignation.

22.

About an hour after Plaintiff resigned, the acting store manager called Plaintiff to apologize for the incident.

23.

The following day, Chris Weinhert from the Human Resources Department called Ms. Davis to apologize for the incident to the inform her that Safeway would be conducting an investigation. When Ms. Davis expressed that she did not want her son working for an unsafe and racially hostile store, Ms. Weinhert stated her frustration because the three managerial employees had just gone through training on how to treat employees better.

24.

Defendant never informed Plaintiff or Ms. Davis of the results of the investigation. A few weeks later, Ms. Davis called and Defendant informed her that it would not tell her anything about the investigation.

25.

Throughout his employment, no one told Plaintiff about issuers with his work quality or ethic, Plaintiff was not disciplined in his time with Defendant.

26.

Plaintiff had intended to work at Defendant's locations through at least part of his college years to support himself.

27.

On June 19, 2019, Plaintiff filed a BOLI complaint regarding the above incidents.

Page 5 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 5 of 13

28.

During the BOLI process, the State Workman's Compensation system contacted Plaintiff's counsel. The State Workman's Compensation system found out about Plaintiff's case and was unable to locate any claim. According to the agency, even if Defendant handled it internally through its own program, Plaintiff would have received something and the State should be able to locate it. Plaintiff never received any materials regarding a Workman's Compensation claim.

### FIRST CLAIM FOR RELIEF
### Racial Discrimination—ORS 659A.030

29.

Defendant is an employer covered by ORS Chapter 659A.

30.

Plaintiff, at relevant times, was an employee covered by ORS chapter 659A.

31.

Defendant was racially discrimination toward Plaintiff by using stereotypes, slurs, and prepared to fire him based on those.

32.

Defendant allowed a racially hostile environment to exist to force Plaintiff to quit.

33.

Defendant transferred Plaintiff to a less desirable location in part because of his race and how Defendant handled it.

34.

Defendant discriminated against Plaintiff by forcing him to do work not permitted for minors.

//

//

Page 6 - COMPLAINT

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 6 of 13

35.

Defendant's racially hostile environment and employees would have made any reasonable person in Plaintiff's position with resignation as their only option. Defendant constructively discharged Plaintiff.

36.

As a result of Defendant's discrimination, Plaintiff suffered damages in the form of lost wages and benefits. While Plaintiff will prove these damages at trial, he estimates those damages to be at least $50,000.

37.

As a result of Defendant's discrimination, Plaintiff suffered damages in the form of emotional distress, anxiety, embarrassment, and loss of reputation. While Plaintiff will prove these damages at trial, he estimates those damages to be $250,000.

38.

Pursuant to ORS 659A.885, Plaintiff is entitled to his costs, disbursements, and reasonable attorney fees.

39.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest at 9% per annum.

**SECOND CLAIM FOR RELIEF**

**Workman's Compensation—ORS 659A.040**

**Count One—Discrimination**

40.

Defendant is an employer covered by ORS Chapter 659A.

41.

Plaintiff, at relevant times, was an employee covered by ORS chapter 659A.

//

Page 7 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 7 of 13

42.

Defendant discriminated against Plaintiff because he was injured on the job by not filing the proper claim paperwork to allow Plaintiff to get treatment and fair access to the Workman's Compensation system.

43.

Defendant wanted Plaintiff to quit instead of report his injury.

44.

As a result of Defendant's discrimination, Plaintiff suffered damages in the form of lost wages and benefits. While Plaintiff will prove these damages at trial, he estimates those damages to be at least $10,000.

45.

As a result of Defendant's discrimination, Plaintiff suffered damages in the form of emotional distress, anxiety, embarrassment, and loss of reputation. While Plaintiff will prove these damages at trial, he estimates those damages to be $40,000.

46.

Pursuant to ORS 659A.885, Plaintiff is entitled to his costs, disbursements, and reasonable attorney fees.

47.

Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest at 9% per annum.

**Count Two—Retaliation**

48.

Defendant retaliated against Plaintiff after his injury and attempt to use the Workman's Compensation by transferring him to a less desirable and racially hostile store.

49.

Page 8 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 8 of 13

1  Defendant retaliated against Plaintiff by asking that he quit instead of reporting his injury
2  so that managers would qualify for bonuses.

3                                        50.

4  As a result of Defendant's discrimination, Plaintiff suffered damages in the form of lost
5  wages and benefits. While Plaintiff will prove these damages at trial, he estimates those damages
6  to be at least $10,000.

7                                        51.

8  As a result of Defendant's discrimination, Plaintiff suffered damages in the form of
9  emotional distress, anxiety, embarrassment, and loss of reputation. While Plaintiff will prove
10 these damages at trial, he estimates those damages to be $150,000.

11                                       52.

12 Pursuant to ORS 659A.885, Plaintiff is entitled to his costs, disbursements, and
13 reasonable attorney fees.

14                                       53.

15 Pursuant to ORS 82.010, Plaintiff is entitled to pre and post-judgment interest at 9% per
16 annum.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

Page 9 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 9 of 13

|  |  |
|---|---|
| 1 | **JURY DEMAND** |
| 2 | Plaintiff demands a jury. |
| 3 | WHEREFORE, Plaintiff prays for the following: |
| 4 | • An award of damages as alleged in the complaint |
| 5 | • Costs, disbursements, and attorney fees |
| 6 | • Any of relief this Court finds just and equitable |

DATED September 15, 2020

Respectfully submitted,

RAMELLI LAW LLC

/s/ Cameron Ramelli
Cameron Ramelli, OSB No. 174417
Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
Trial Attorney
Tel (503) 536-5164
Fax (503) 662-6016
cameron@ramellilaw.com
Of Attorneys for Plaintiff

Page 10 - **COMPLAINT**

Ramelli Law LLC
4900 SW Griffith Dr. Suite 165
Beaverton, OR 97005
P: (503) 536-5164 F: (503) 662-6016

Exhibit 1
Page 10 of 13

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR WASHINGTON COUNTY

| | |
|---|---|
| **RICO WOODS**, an individual<br>Plaintiff,<br><br>v.<br><br>**ALBERTSON'S COMPANIES**, a foreign business entity<br><br>Defendant. | Case No.: 20CV31372<br><br>**SUMMONS** |

To:   ALBERTSON'S COMPANIES, c/o Register Agent.

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint

**NOTICE TO THE DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately.

If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

X _____
Signature of Attorney/Author for Plaintiff

_____
Cameron Ramelli OSB 174417
Attorney's/Author's Name (Printed) Bar No.

Cameron Ramelli OSB 174417
Trial Attorney if Other than Above (Printed) Bar No.

STATE OF OREGON   )
                  ) ss.
County of Washington )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons and complaint in the above-entitled action.

_____
Attorney of Record for Plaintiff(s)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

X _____
Attorney for Plaintiff(s)

Exhibit 1
Page 11 of 13

 **CT Corporation**

**Service of Process Transmittal**
10/30/2020
CT Log Number 538504189

**TO:** Risk Management Group
Safeway Inc.
5918 Stoneridge Mall Rd
Pleasanton, CA 94588-3229

**RE:** Process Served in California

**FOR:** Albertsons Companies, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICO WOODS, Pltf. vs. ALBERTSON'S COMPANIES, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV31372 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/30/2020 at 11:37 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/31/2020, Expected Purge Date: 11/05/2020 |
| | Image SOP |
| | Email Notification,  Risk Management Group  RM.Claim.Support@Safeway.com |
| | Email Notification,  Michael McCue  Michael.McCue@safeway.com |
| | Email Notification,  Donna Shavers  donna.shavers@albertsons.com |
| | Email Notification,  Carmen Rowland  Carmen.Rowland@safeway.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of  1 / RP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit 1
Page 12 of 13



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Oct 30, 2020

**Server Name:** John Abramyan

| Entity Served | ALBERTSONS COMPANIES, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20CV31372 |
| Jurisdiction | CA |



Exhibit 1
Page 13 of 13